JOHN L. SLAVIN *v.* H. W. DUNN ET AL.

Judgment—Facts Submitted and Tried by the Court—Erroneous Verdict.
    Though the laws and facts be submitted to and tried by the court, and a judgment rendered thereon is entitled to the same weight as the findings of a jury, if contrary to the weight of the evidence, the verdict will be reversed.

Sheriffs and Constables—Liability of Deputy for Money Collected—Coincidence of Payments by Checks, and Receipts given.
    (See also volume 3 Kentucky Opinions, page 316.)

APPEAL FROM GARRARD CIRCUIT COURT.

June 22, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant was sheriff of Garrard county and collector of revenue and county levy for 1866 and 1867, and appellee, his deputy. Each did half the business in the way of collecting taxes and revenue and divided the county with that view. One taking the

upper and the other the lower end, and appellee was to pay to appellant the revenue as he collected it. The amount of taxes and public dues on appellee's side, to be collected and accounted for by him, amounted to $13,291.75. And this action was brought by appellant against appellee in February, 1869, alleging that of said sum appellee had failed to pay over and account for $1,324.51, and to recover that, the action was brought.

Appellee, in his answer, claimed that he had overpaid the amount by $192.94, and asked judgment for that sum, and filed a statement of payments with a number of receipts and vouchers. In his reply, appellant admits all the credits claimed by appellee, except a check on National Bank of Lancaster for $300; another check on same for $900, and a credit claimed for $338.45, a list of taxes charged to have been collected by him on appellee's side of the county—of the last item, however, he admits—G. W. Bett's tax, $9.35; J. F. Chrisman, $15, and F. J. White's tax of $6.48.

The law and facts were submitted to the court, and judgment rendered in favor of appellant for $107.06, and he appealed, and appellee prosecuted a cross-appeal.

It is admitted that appellant got the $900 for which appellee gave his check, and also the $300, but it is insisted that the $300 paid by the check for that sum, are included in a receipt of the same date of the check, viz., 24th December, 1866, for $543.48. And that the $900 paid in a check on January 18, 1866—but should be 18th January, 1867—are included in a receipt given by appellant to appellee dated 25th January, 1867, for $964.17.

Appellant's theory is that the $300 for which the check was given, and $243.45 of the taxes collected by him from taxpayers living on appellee's side of the county, make up the amount of the receipt for $543.45, and that the $900 paid on the check on January 18, 1867, John D.. Adams' tax, $22.90, and N. Sandifer's tax of $41.27, make up and compose the receipt for $964.17.

The court below adjudged that the receipt for $543.45 included the $300 paid on the check of the same date, and gave appellee credit for $543.45, and rejected his claim for credit for the $300; but allowed him credit for the $900 paid on the check, and also the $964.67 evidenced by the receipt. With this judgment we concur. It is an impressive coincidence that the taxes of Sandifer and Adams added to the $900 make up precisely the

amount of the receipt for $964.17, and the $64.17, the $243.45 included in the receipt for $543.45, and Bett's tax of $9.35. Chrisman's tax of $15 and White's tax of $6.48 when all added together make up the sum of $338.47, within two cents of the amount appellee alleges the taxes amounted to on his side, which appellant collected, being only two cents over the amount.

It is true that Anderson proves that at the January court, 1867, appellee offered to return J. D. Adams as a delinquent, and appellant stated that he was good, and his taxes would or could be collected; and it does not appear that he then claimed that he had accounted to Dunn for it, although that took place three days after the receipt was given, as the proof shows; and it would seem that if the settlement of Adams' tax had been made only three days before appellee proposed to return him as a delinquent, appellant would have replied that it *was* paid, instead of saying it could or would be paid. But we do not consider that circumstance strong enough to overturn the several coincidences before referred to, which amount to arithmetical demonstration; besides, all the payments made by appellee of any magnitude appear to have been paid by checks on the national bank, and there is no check corresponding with the receipt for the $964.17, which is a very significant fact.

We are aware that in trials of this sort where the law and facts are referred to the court, the judgment is entitled to the same weight that the finding of a jury would have. Still, in this case, we think the evidence greatly preponderates against the conclusion to which the circuit judge arrived, and we cannot concur with him.

Wherefore, the judgment is reversed on the original appeal, and the cause is remanded for a new trial, and further proceedings consistent herewith.

*McKee & Hopper, for appellant.*

*Owsley & Burdett, Dunlap, for appellees.*